The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAYRA ROMERO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　　　　　　Defendant. | No. 2:25-cv-00548-JNW<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 26(f)** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's June 6, 2025 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 43), Plaintiff Mayra Romero ("Plaintiff") and Defendant Amazon.com, Inc. ("Defendant" or "Amazon") (collectively, the "Parties") submit the following Joint Status Report and Discovery Plan. Counsel for the Parties conferred by video conference on June 25, 2025,[1] and jointly submit this report setting forth the Parties' agreements and respective positions on the relevant issues.

**STIPULATED STAY OF DISCOVERY**

On April 4, 2025, Amazon filed a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). *See* Dkt. No. 35. Plaintiff filed an Opposition on April 25, 2025 (Dkt. No. 38), and Amazon filed its Reply on May 9, 2025 (Dkt. No. 40). The Motion to Dismiss is fully briefed and

---

[1] Plaintiff was represented by Joshua B. Swigart, Spencer Pfeiff, Jessica Pfeiff, and Katherine Tuohy of Swigart Law Group, APC. Defendant was represented by Robert W. Sparkes, III and Katherine L. Hollingsworth of K&L Gates LLP.

pending before the Court. In its Motion, Amazon seeks dismissal of all claims asserted in Plaintiff's FAC on a number of legal grounds. Plaintiff has opposed Amazon's Motion to Dismiss. Amazon's Motion is dispositive in nature and, if granted, would dispose of all causes of action asserted against Amazon in the FAC. At a minimum, the Court's ruling on Amazon's Motion is likely to narrow the claims at issue and affect future proceedings in this case, including the scope of discovery.

For these reasons, the Parties agree that refraining from discovery at this time will serve the interests of judicial economy and will conserve the Parties' and the Court's resources. *See In re Amazon Prime Video Litig.*, No. 2:24-cv-186, 2025 WL 254546, at *2 (W.D. Wash. Jan. 21, 2025) (staying discovery pending resolution of motion to dismiss because (1) the pending motion is "potentially dispositive of the entire case," (2) additional discovery is not needed for resolution of the motion, and (3) "a short stay may preserve the parties' resources in the event the Motion to Dismiss is granted"). The Parties accordingly stipulate and request that the Court stay all discovery pending the resolution of Amazon's Motion to Dismiss as follows:

- All discovery is stayed until: (1) the Court resolves Amazon's pending Motion to Dismiss; and, if any claims remain for adjudication after the Court's ruling on the Motion, (2) Amazon files an answer to Plaintiffs' FAC or other operative complaint;

- The Parties will confer pursuant to Fed. R. Civ. P. 26(f) within twenty-one (21) days of the filing of Amazon's answer to Plaintiffs' FAC or other operative complaint; and

- The Parties will file a combined Joint Status Report and Discovery Plan as required by Fed. R. Civ. P. 26(f), Local Civil Rule 26(f), and the Court's June 6, 2025 Order (Dkt. No. 43) within twenty-eight (28) days of the Parties' Rule 26(f) conference.[2]

Should the Court request it, the Parties are prepared to submit a proposed order reflecting their stipulated and agreed-upon stay of discovery for the Court's consideration and entry.

---

[2] The Parties agree that the proposed Joint Status Report and Discovery Plan will address the topics set forth in the Court's June 6, 2025 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. *See* Dkt. No. 43.

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NUMBER 2:25-CV-00548-JNW - 2

1. **Statement of the Nature and Complexity of the Case**

    *(a)    Plaintiff's Position*

    Plaintiff Mayra Romero ("Plaintiff") on behalf of herself and all others similarly situated has filed a class action complaint against Defendant Amazon, Inc. ("Defendant"). Plaintiff's consumer class action alleges that Defendant has violated the California Consumer Legal Remedies Act ("CLRA"); Cal. Civ. Code § 1750, *et seq*. and the California Unfair Competition Laws ("UCL"); Cal. Bus. & Prof Code § 17200, *et seq*.

    Pursuant to the CLRA Defendant is prohibited from using unfair methods of competition, as well as unfair or deceptive acts "intended to result of that results in the sale or lease of goods or services to any consumer." Pursuant to Cal. Civ. Code § 1770(a)(29)(A), it is unlawful, unfair, and deceptive to advertise, display or offer a price for a good or service that does not include all mandatory fees or charges.

    In the current matter, Defendant's conduct violated the CLRA when Plaintiff used Defendant's Amazon Fresh service on Plaintiff's smart phone and browsed various grocery items with the intention of ordering groceries to be delivered to Plaintiff's home residence. Once Plaintiff had added all of Plaintiff's groceries to her virtual shopping cart, the price of Plaintiff's groceries totaled to $135.65. Given the total, Plaintiff anticipated paying a total of $135.65 for her groceries (exclusive of applicable taxes).

    However, once Plaintiff navigated to the final page of the checkout process, Defendant disclosed for the first time that in addition to the $135.65 for Plaintiff's groceries, Defendant would also require Plaintiff to pay a $4.95 "Service Fee." Plaintiff was shocked because at no time prior to the final check out page did Defendant notify or otherwise disclose to Plaintiff that a "Service Fee" would be associated with Plaintiff's Amazon Fresh grocery order.

    By only disclosing the "Service Fee" on the last page of the checkout process, Defendant is not in compliance with the requirement of the CLRA and has engaged in unlawful conduct. Defendant knows that the prices it advertises, displays, and offers for its Amason Fresh goods and

services are not inclusive of all mandatory fees or charges that Defendant requires a consumer to pay before placing an order. Defendant's failure to include mandatory fees or charges prior to a consumer beginning their checkout process is intentional and willful. Defendant's unlawful practices constitute an unfair and deceptive business strategy implemented to deceive consumer in order to boost its own profits. Defendant's illegal, unfair, and deceptive practices take advantage of consumers and constitute a willful violation of California law intended to protect California consumers from predatory business practices.

On December 4, 2024, Plaintiff sent via certified mail (return receipt requested) a CLRA Demand letter pursuant to Cal. Civ. Code § 1782(a). The letter provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false, and deceptive practices pursuant to Cal. Civ. Code § 1782(c). On December 10, 2024, Defendant received Plaintiff's CLRA letter. Defendant had 30-days to correct or remedy the unlawful practices alleged therein. On January 8, 2024, Defendant responded to Plaintiff's CLRA letter and denied Plaintiff's allegations, disputes, and right to relief. To date, Defendant had made no changes to its business practices and failed to remedy Plaintiff for Defendant's unlawful practices described in Plaintiff's December 4, 2024 CLRA demand letter.

Through this conduct, Defendant is not in compliance with the requirements of the CLRA and therefore engaged in unlawful conduct in violation of the UCL.

### (b) Defendant's Position

In the FAC (Dkt. No. 15), Plaintiff alleges that the service fee Amazon assesses on certain online grocery delivery orders from its Amazon Fresh Grocery Stores ("Amazon Fresh") violates the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(29), and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. *See* Dkt. No. 15 at ¶¶ 18–39, 59–81. Specifically, Plaintiff alleges that Amazon failed to disclose or display the service fee with the price of the purchased goods and only disclosed the fee at the end of the consumer checkout process. *See id.* at ¶¶ 28–38. Plaintiff asserts claims under the CLRA and the

UCL individually and on behalf of a putative class of "persons within California who purchased goods for delivery from Defendant's Amazon Fresh program who were charged a 'Service Fee' at the time of checkout that was not previously included in the advertised, displayed, or offered price of the good or service beginning July 1, 2024." *Id.* at ¶ 45. Plaintiff seeks actual damages, statutory damages, punitive damages, restitution, disgorgement, injunctive relief, and attorneys' fees and costs. *See id.* at 15–16 (Prayer for Relief).

Defendant Amazon denies Plaintiff's allegations and disputes that it is liable under either of the claims asserted in Plaintiff's FAC. Amazon's position is that Plaintiff's claims fail both as a matter of law and as a matter of fact. As set forth in Amazon's pending Motion to Dismiss, Plaintiff's claims fail on the pleadings and as a matter of law for several reasons, including: (1) Plaintiff's California law claims are barred by the Washington choice-of-law provision in the governing Amazon Conditions of Use ("COUs"); (2) even if California law applied, the Amazon Fresh delivery service fee does not violate the CLRA or the UCL because it is not a "mandatory" fee; (3) Plaintiff lacks Article III standing to seek injunctive relief; and (4) Plaintiff has failed to allege facts sufficient to support a plausible basis to recover equitable relief. *See* Dkt. No. 35 at 8–18; *see also* Dkt. No. 40 at 1–12. Even if Plaintiff's claims survive Amazon's Motion to Dismiss, Amazon contends that Plaintiff's claims will fail on the facts because, as detailed in Amazon's Motion to Dismiss, Amazon discloses the delivery service fee multiple times throughout the checkout process. *See* Dkt. No. 35 at 4–7. Accordingly, should this action progress beyond the pleadings stage, Amazon anticipates that it will likely file a motion for summary judgment, whether in full or in part, at an appropriate time. Furthermore, Amazon expects that Plaintiff will be unable to present evidence establishing each of the requirements of Rule 23 of the Federal Rules of Civil Procedure and, thus, contends that Plaintiff's putative class claims are not suitable for class certification.

**2.     Consent to Proceed Before a Magistrate Judge**

No.

**3.     Proposed Deadline for Joining Additional Parties**

The Parties agree that scheduling a proposed deadline for joining additional parties is premature in light of Amazon's pending Motion to Dismiss and the Parties' stipulated agreement to stay discovery pending resolution of Amazon's Motion to Dismiss. As set forth above, the Parties have agreed to confer after the Court's resolution of Amazon's Motion to Dismiss and Amazon's filing of an answer and, after such conference, the Parties will submit a joint status report and discovery plan addressing, among other things, a deadline for joining additional parties.

The Parties further state that, at this stage, neither Party anticipates adding additional parties to this case.

**4.     Proposed Deadline for the Filing of a Motion for Class Certification**

The Parties agree that scheduling a proposed deadline for the filing of a motion for class certification and a briefing scheduled for the class certification motion is premature in light of Amazon's pending Motion to Dismiss and the Parties' stipulated agreement to stay discovery pending resolution of Amazon's Motion to Dismiss. As set forth above, the Parties have agreed to confer after the Court's resolution of Amazon's Motion to Dismiss and Amazon's filing of an answer and, after such conference, the Parties will submit a joint status report and discovery plan addressing class certification briefing, discovery, and other relevant deadlines.

**5.     Proposed Discovery Plan**

*(a)     Initial Disclosures*

Plaintiff served her Rule 26(a)(1) Initial Disclosure Statement on June 24, 2025.

The Parties agree to stay the further exchange of Rule 26(a)(1) Initial Disclosure Statements pending the resolution of Amazon's pending Motion to Dismiss Plaintiff's FAC. As set forth above, the Parties agree to confer after the Court's resolution of Amazon's Motion to Dismiss and Amazon's filing of an answer and submit a joint status report and discovery plan addressing, among other things, the deadline for the exchange of Initial Disclosure Statements.

      **(b)**    ***Subjects, Timing, and Potential Phasing of Discovery***

           **(i)**    **Subjects on Which Discovery May Be Needed**

                  (1)    <u>Plaintiff's Position</u>

Plaintiff anticipates serving following the parties Fed. R. Civ. P. 26(f) conference on July 25, 2025. Plaintiff anticipates serving written discovery on Defendants regarding documents, procedures, and communications related to the investigation by Defendants of Plaintiff's disputed accounts. Plaintiff reserves the right to conduct other discovery as necessary and permitted by the federal rules.

Plaintiff intends to take the deposition of all those persons involved in the investigative process surrounding Plaintiff's dispute along with F.R.C.P. 30(b)(6) representatives of Defendants. Plaintiff may also take a number of third-party depositions of those persons or entities with knowledge of the facts of this case and any and all experts designated by Defendants. Plaintiff may depose any third parties that may have information concerning the opening of the disputed account. Plaintiff will serve written discovery to Defendants and any and all experts designated by Defendants. Plaintiff reserves the right to conduct other discovery as necessary and permitted by the federal rules.

                  (2)    <u>Defendant's Position</u>

Amazon anticipates that it will seek discovery from Plaintiff on the following general subjects (among others): (1) Plaintiff's online purchase or purchases of groceries for delivery from Amazon Fresh; (2) Plaintiff's payment or non-payment of a delivery service fee in connection with any online purchase of groceries for delivery from Amazon Fresh; (3) Plaintiff's experience with and understanding of the Amazon online checkout process; (4) Plaintiff's non-Amazon related experiences purchasing goods for delivery; (5) the claims and allegations in Plaintiff's FAC; (6) Plaintiff's account or accounts with Amazon.com, including, but not limited to, transaction, purchase, return, and subscription histories; and (7) any other information that may be relevant to the Plaintiff's individual and putative class claims, Plaintiff's anticipated motion for class

certification, the elements of class certification, and/or Amazon's defenses in this action.

Amazon's investigation is ongoing. Accordingly, Amazon reserves the right to supplement this list and take additional discovery as necessary as the case proceeds.

### (ii) Timing of Discovery

#### (1) The Parties' Stipulated Request to Stay Discovery

The Parties agree that discovery should be stayed pending the resolution of Amazon's Motion to Dismiss Plaintiff's FAC and, if the Motion is denied in whole or in part, Amazon's subsequent filing of an answer to Plaintiff's FAC or other operative complaint. Accordingly, the Parties stipulate and agree that a discovery schedule would be premature at this stage. Once the Court rules on Amazon's Motion and, if the case proceeds, Amazon files its answer, the Parties agree to confer to discuss the timing of discovery and submit a joint status report and discovery plan, including a proposed discovery schedule, for the Court's consideration.

### (iii) Phased Discovery

In light of the Parties' agreement to stay discovery pending the Court's resolution of Amazon's Motion to Dismiss, the Parties do not present their position, or positions, on potential phasing of discovery.

### (c) Electronically Stored Information

The Parties anticipate that discovery in this case may involve the production of electronically stored information ("ESI"). Accordingly, the Parties agree to confer to discuss the preparation of an agreed-upon Stipulation and Proposed Order Regarding Discovery of Electronically Stored Information. The Parties agree to base any such stipulation on the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information.

### (d) Privilege Issues

The Parties do not anticipate any privilege issues at this time.

The Parties agree that they will confer and attempt, in good faith, to reach an agreement regarding procedures for handling production of privileged information and privilege waiver issues pursuant to Rules 502(d) and 502(e) of the Federal Rules of Evidence. The Parties anticipate that they will include any such agreed-upon procedures in their anticipated stipulated protective order governing the production, discovery, and treatment of confidential material and information produced, provided, or exchanged in discovery.

*(e)    **Proposed Limitations on Discovery***

The Parties do not propose or anticipate the need for any changes or limitations on the available discovery at this time and agree that the limits set forth in the Federal Rules of Civil Procedure and this Court's Local Civil Rules shall govern. The Parties reserve the right to seek modification of the applicable discovery limits in the future. If one Party seeks a modification of the applicable discovery limitations, the Parties agree that they will confer and attempt to reach agreement on any such modifications. If the Parties cannot agree, the Party seeking additional depositions, additional interrogatories, or other modification of the applicable rules must seek leave of Court.

*(f)    **The Need for Any Discovery Related Orders***

***Electronic Notice***. The Parties agree that discovery requests, responses, initial disclosures, deposition notices, and other case-related discovery materials not filed with the Court can be served electronically via e-mail.

***Stipulated Protective Order***. The Parties anticipate that discovery in this action may include the discovery of confidential, proprietary, and trade secret information and/or private personal identifying information protected by applicable privacy and other laws. For this reason, the Parties anticipate jointly preparing a stipulated protective order governing the production, disclosure, and treatment of confidential material and information produced, provided, or exchanged in discovery. Accordingly, the Parties will confer to discuss the scope and other issues regarding an agreed-upon stipulated protective order and will submit a stipulated protective order

for the Court's consideration. The Parties agree that any stipulated protective order will be based, in whole or in part, on the Western District of Washington's Model Stipulated Protective Order.

## 6. The Parties' Views on Local Civil Rule 26(f)(1) Topics

### (a) *Prompt Case Resolution*

The Parties do not anticipate a prompt settlement or other early resolution of this case, and the Parties agree that discussions regarding mediation or other early case resolution are premature in light of Amazon's pending Motion to Dismiss and the Parties' agreement to stay discovery pending the resolution of Amazon's Motion. Once the Court rules on Amazon's Motion to Dismiss and if the action proceeds, the Parties are open to exploring the possibility of an early resolution, including through informal discussions conducted in parallel with normal litigation proceedings.

### (b) *Alternative Dispute Resolution*

The Parties agree that discussions regarding mediation or other alternative dispute resolution procedures are premature in light of Amazon's pending Motion to Dismiss and the Parties' agreement to stay discovery pending resolution of Amazon's Motion. The Parties, however, remain open to discussing the potential for mediation and alternative dispute resolution if this action proceeds.

### (c) *Related Cases*

The Parties are not aware of any "related cases" as that term is defined in Local Civil Rules 3(g) and 3(h).

### (d) *Discovery Management*

The Parties agree that discovery requests, responses, initial disclosures, deposition notices, and other case-related materials not filed with the Court can be served electronically via e-mail. The Parties otherwise believe that discovery can be adequately managed under the application Federal Rules of Civil Procedure and this Court's Local Civil Rules.

### (e) Anticipated Discovery Sought

The Parties' positions regarding the anticipated discovery in this action are set forth in Section 5(b)(i), above.

### (f) Phasing Motions

The Parties do not request that the Court order motions to be phased at this time. The Parties reserve the right to file motions for summary judgment and other appropriate motions at the appropriate times if the case proceeds.

### (g) Preservation of Discoverable Information

Counsel for the Parties have advised their respective clients to preserve discoverable information in the Parties' possession, custody, and control. The Parties do not anticipate any preservation issues.

### (h) Privilege Issues

The Parties agree that they will confer and attempt, in good faith, to reach an agreement regarding procedures for handling production of privileged information and privilege waiver issues pursuant to Rules 502(d) and 502(e) of the Federal Rules of Evidence. The Parties anticipate that they will include any such agreed-upon procedures in their anticipated stipulated protective order governing the production, discovery, and treatment of confidential material and information produced, provided, or exchanged in discovery.

### (i) Model Protocol for Discovery of ESI

As set forth in Section 5(c), above, the Parties anticipate that discovery in this case may involve the production of ESI. Accordingly, the Parties agree to confer to discuss the preparation of an agreed-upon Stipulation and Proposed Order Regarding Discovery of Electronically Stored Information. The Parties agree to base any such stipulation on the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information.

### (j) Alternatives to the Model Protocol

The Parties' position on this topic is set forth in Sections 5(c), 5(f), and 6(i), above.

**7.    Discovery Completion Date**

The Parties agree that discovery should be stayed pending the resolution of Amazon's Motion to Dismiss Plaintiff's FAC and, if necessary, Amazon's subsequent filing of an answer to Plaintiff's FAC or other operative complaint. Accordingly, the Parties stipulate and agree that setting a discovery completion deadline would be premature at this stage. Once the Court rules on Amazon's Motion and, if the case proceeds and Amazon files its answer, the Parties agree to confer to discuss the timing of discovery and to submit a joint status report and discovery plan, including a proposed discovery schedule, for the Court's consideration.

**8.    Bifurcation**

Given the Parties' stipulated stay of discovery, the Parties do not anticipate seeking bifurcation or phasing of discovery at this stage. The Parties reserve the right to confer on these topics after the Court rules on Amazon's Motion to Dismiss and Amazon's subsequent filing of an answer to Plaintiff's FAC or other operative Complaint.

**9.    Pretrial Statements and Pretrial Orders**

The Parties do not agree to dispense, in whole or in part, with the pretrial statements and pretrial orders required by Local Civil Rules 16(e), (h), (i), and (k), and 16.1.

**10.    Individualized Trial Program of Local Civil Rule 39.2 and ADR Options under Local Civil Rule 39.1**

The Parties do not intend to use the Individual Trial Program set forth in Local Civil Rule 39.2 or the Alternative Dispute Resolution options set forth in Local Civil Rule 39.1.

**11.    Case Shorting or Simplification Suggestions**

None at this time.

**12.    Trial Readiness Date**

The Parties agree that it is premature to assess pre-trial deadlines or a trial date before the Court resolves Amazon's Motion to Dismiss and, if the case proceeds, Plaintiff's anticipated motion for class certification. The Parties therefore request that the Court not set a trial date at this

time. The Parties propose that they provide a trial readiness date in a further Joint Status Report that they proposed to file after the Court rules on Amazon's Motion to Dismiss and Plaintiff's anticipated motion for class certification (if necessary).

**13.    Jury or Non-Jury Trial**

Plaintiff has requested a jury trial. *See* Dkt. No. 15, at page 17.

**14.    Estimated Length of Trial**

The number of days for trial will depend on the Court's ruling on Amazon's Motion to Dismiss, Plaintiff's anticipated motion for class certification, and future proceedings in this case. The Parties, therefore, propose that they address the estimated length of trial in the further Joint Status Report that they propose to file after the Court rules on Amazon's Motion to Dismiss and Plaintiff's anticipated motion for class certification.

**15.    Trial Counsel Contact Information**

| For Plaintiff | For Defendant |
|---|---|
| Joshua B. Swigart, WSBA # 49422<br>SWIGART LAW GROUP, APC<br>2221 Camino del Rio S, Suite 308<br>San Diego, CA 92108<br>Tel: (866) 219-3343<br>Fax: (866) 219-8344<br>Email: josh@swigartlawgroup.com | Katherine L. Hollingsworth, WSBA # 61304<br>K&L GATES LLP<br>925 Fourth Avenue<br>Suite 2900<br>Seattle, WA 98104-1158<br>Tel: (206) 623-7580<br>Fax: (206) 623-7022<br>Email: katie.hollingsworth@klgates.com<br><br>Jennifer J. Nagle (*pro hac vice*)<br>Robert W. Sparkes, III (*pro hac vice*)<br>K&L GATES LLP<br>One Congress Street, Suite 2900<br>Boston, MA 02114<br>Tel: (617) 261-3100<br>Fax: (617) 261-3175<br>Email: jennifer.nagle@klgates.com<br>Email: robert.sparkes@klgates.com |

Loly G. Tor (*pro hac vice*)
K&L GATES LLP
One Newark Center, 10th Floor
Newark, NJ 07102
Tel: (973) 848-4026
Fax: (973) 848-4000
Email: loly.tor@klgates.com.

**16.    Trial Scheduling Conflicts and Complications**

The Parties do not anticipate any trial scheduling issues or complications at this time.

**17.    Status of Service of Process**

Plaintiff has served Defendant Amazon.

**18.    Scheduling Conference in Advance of Entry of Scheduling Order**

The Parties do not believe a scheduling conference is necessary in this action. As set forth above, the Parties have mutually proposed staying all discovery in this action pending resolution of Amazon's Motion to Dismiss.

To the extent the Court schedules a scheduling conference, the Parties respectfully request that such conference take place either telephonically or via video conference.

**19.    Corporate Disclosure Statements**

Plaintiff is not a nongovernmental corporate party and no disclosure statement was required to be filed by Plaintiff.

Pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1, Defendant Amazon filed its Corporate Disclosure Statement on December 18, 2024. *See* Dkt. No. 6.

DATED this 8th day of July, 2025

| | |
|---|---|
| SWIGART LAW GROUP, APC | K&L GATES LLP, |
| *s/ Joshua B. Swigart* | *s/ Katherine L. Hollingsworth* |
| Joshua B. Swigart, WSBA # 49422<br>2221 Camino del Rio S, Suite 308<br>San Diego, CA 92108<br>Tel: (866) 219-3343<br>Fax: (866) 219-8344<br>Email: josh@swigartlawgroup.com<br><br>*Attorney for Plaintiff*<br>*Mayra Romero* | Katherine L. Hollingsworth, WSBA # 61304<br>925 Fourth Avenue<br>Suite 2900<br>Seattle, Washington 98104-1158<br>Tel: (206) 623-7580<br>Fax: (206) 623-7022<br>Email: katie.hollingsworth@klgates.com<br><br>Jennifer J. Nagle (*pro hac vice*)<br>Robert W. Sparkes, III (*pro hac vice*)<br>K&L GATES LLP<br>One Congress Street, Suite 2900<br>Boston, MA 02114<br>Tel: (617) 261-3100<br>Fax: (617) 261-3175<br>Email: jennifer.nagle@klgates.com<br>Email: robert.sparkes@klgates.com<br><br>Loly G. Tor (*pro hac vice*)<br>K&L GATES LLP<br>One Newark Center, 10th Floor<br>Newark, NJ 07102<br>Tel: (973) 848-4026<br>Fax: (973) 848-4000<br>Email: loly.tor@klgates.com<br><br>*Attorneys for Defendant*<br>*Amazon.com, Inc.* |