|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| MAYRA ROMERO,<br><br>          Plaintiff,<br><br>   v.<br><br>AMAZON.COM INC.,<br><br>          Defendant. | CASE NO. C25-548 JNW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 35) and Request for Judicial Notice (Dkt. No. 36). Having reviewed the Motion and Request, Plaintiff's Opposition (Dkt. No. 38), the Reply (Dkt. No. 40), and all supporting materials, the Court GRANTS the Motion and DISMISSES this matter with prejudice.

## BACKGROUND

Plaintiff Mayra Romero alleges that Defendant Amazon.com, Inc.'s "Amazon Fresh" website violates California law by waiting to disclose a grocery delivery fee until the final checkout page of the ordering process. (First Amended Complaint ¶¶ 18-24, 28-31, 59-81 (Dkt.

1  No. 15).) She claims this practice violates California's Unfair Competition Law (UCL) and
2  California's Consumer Legal Remedies Act (CLRA). (Id.) Romero seeks to represent a class of
3  similarly-situated Californians.
4        After Romero filed suit in the Southern District of California, Amazon successfully
5  moved to transfer this action to the Western District of Washington. (Order of Transfer (Dkt. No.
6  24-1).) In the Order of Transfer, the district court found that Romero had agreed to Amazon's
7  Conditions of Use ("COUs") when she placed her grocery order. (Order of Transfer at 2.) With
8  its Motion to Dismiss, Amazon asks the Court to take judicial notice of the COUs, to which there
9  is passing reference in the FAC. (See RJN (Dkt. No. 36); FAC ¶ 67 (referencing service of
10 process methods set out in COUs).) In particular, Amazon asks the Court to take notice of the
11 choice of law clause in the COUs: "By using any Amazon Service, you agree that applicable
12 federal law, and the laws of the state of Washington, without regard to principles of conflict of
13 laws, will govern these Conditions of Use and any dispute of any sort that might arise between
14 you and Amazon." (RJN; Ex. F to the Declaration of Ruby A. Nagamine (Dkt. No. 37)).) Under
15 Amazon's theory, Romero's California claims are barred by this provision and that dismissal is
16 proper.
17       **ANALYSIS**
18 **A.     Legal Standard**
19       Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a
20 claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must
21 construe the complaint in the light most favorable to the non-moving party and accept all
22 well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney,
23 Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d
24


658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**B.     Judicial Notice**

In ruling on Amazon's Motion, the Court takes judicial notice of the COUs for two reasons. First, Romero does not challenge the fact that she agreed to the COUs. Instead, she argues that a conflict of law exists and that Washington law must apply notwithstanding the COUs' choice of law provision. (Pl. Opp. at 4-8 (Dkt. No. 38).) This is consistent with the Order of Transfer, where Romero did "not dispute that the forum selection clause in Amazon's COUs is valid or that it applies to this action." (Transfer Order at 3.) Second, the FAC itself references the COUs, which means that they are properly noticed through the doctrine of incorporation by reference. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). The Court otherwise declines to take judicial notice of any other documents, as doing so is unnecessary to resolve the Motion to Dismiss.

**C.     The COUs Prevent Romero From Asserting Claims Under California Law**

The Court agrees with Amazon that both of Romero's claims must be dismissed because the COUs' choice of law provision prevents her from bringing claims under California law.

First, there is no dispute that Romero agreed to the COUs when she purchased groceries from Amazon.com. (FAC ¶¶ 18–24; Nagamine Decl. Ex. F.) Romero did not argue to the contrary either in the context of the Motion to Transfer or the present Motion. As such, the Court finds that Romero agreed to the COUs, including the choice of law provision.

1      Second, Romero has failed to satisfy her burden under Washington law to set aside the
2 COUs' choice of law provision and allow her California claims to proceed. The Court reviews
3 the relevant law and then the reasons why Romero's arguments fail.
4      To determine whether a contractual choice of law is binding, the Court considers: "(1)
5 whether there is an actual conflict of laws and, if so, (2) whether the Agreement's choice-of-law
6 provision . . . is effective." Erwin v. Cotter Health Centers, 161 Wn.2d 676, 692 (2007) "If the
7 result for a particular issue is different under the law of the two states, there is a 'real' conflict."
8 Id. (citation and quotation omitted). "'[W]here laws or interests of concerned states do not
9 conflict, the situation presents a false conflict and the presumptive local law is applied.'"
10 Shanghai Com. Bank Ltd. v. Kung Da Chang, 189 Wn.2d 474, 481 (2017) (quoting Erwin, 161
11 Wn.2d at 648 (citation and quotation omitted)).
12      Romero has failed to meet her burden to identify an actual conflict of law to support
13 setting aside the contractual choice of law provision for either claim. First, Romero makes no
14 argument that there is a conflict of law as to her UCL claim, and has thus conceded that no
15 conflict exists. Second, as to her CLRA claim, Romero fails to identify an actual conflict
16 between the CLRA and Washington's Consumer Protection Act. Romero argues that there is a
17 conflict between the Washington CPA and the CLRA because only the CLRA specifically
18 forbids advertising, displaying, or offering "a price for a good or service that does not include all
19 mandatory fees or charges." Cal. Civ. Code § 1770(a)(29). But there is no clear basis on which to
20 conclude that the failure to disclose mandatory fees would not also be actionable under the CPA.
21 The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices."
22 RCW 19.86.020. This largely mirrors the scope of the CLRA, which targets unfair and deceptive
23 acts and practices. And while the CPA does not list specific instances of unfair or deceptive acts
24

as the CLRA does, there is no reason to believe that a claim that Amazon failed to disclose a mandatory fee would not be actionable under the CPA. And the mere fact that it may be easier to plead such a claim under the CLRA does not evidence an actual conflict. Additionally, Romero fails to identify any cases that support her position, while Amazon cites to several cases from the Ninth Circuit and this District concluding that no conflict exists between the CLRA and CPA. See Wiseley v. Amazon.com, Inc., 709 F. App'x 862, 863 (9th Cir. 2017) ("Washington's and California's consumer protection laws and protections against unconscionable contracts appear to be substantially similar."); In re Amazon Service Fee Litig., 705 F. Supp. 3d 1255, 1261–62 (W.D. Wash. 2023). The Court finds that Romero has failed to meet her burden of identifying an actual conflict. See Heinz v. Amazon.com Inc., No. 2:23-CV-1073, 2024 WL 2091108, at *3 (W.D. Wash. May 8, 2024) (noting that the party contending another state's law applies bears the burden of persuasion (citing Erwin, 161 Wn.2d at 696)). Because Romero has not identified an actual conflict, the Court finds that the COUs bar the claims, and that dismissal with prejudice is proper. On this basis, the Court GRANTS the Motion and DISMISSES the action with prejudice.

## CONCLUSION

The Court finds that Romero's two claims, brought under California law, are barred by the COUs' choice of law provision, and that Romero has failed to identify any basis on which to set aside the binding choice of law provision. The Court therefore GRANTS Amazon's Motion to Dismiss and DISMISSES this action with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 20, 2025.

Marsha J. Pechman
United States Senior District Judge